CHICAGO—FIRST DISTRICT—MARCH, 1918.  599

Craig v. Yazoo & Mississippi Valley Ry. Co., 209 Ill. App. 599.

## Philip S. Craig, Appellant, v. Yazoo & Mississippi Valley Railway Company, Appellee.

### Gen. No. 22,813.  (Not to be reported in full.)

. Appeal from the Superior Court of Cook county; the Hon. JOSEPH H. FITCH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Reversed and remanded. Opinion filed March 12, 1918.

### Statement of the Case.

Action by Philip S. Craig, as surviving partner of W. C. Craig & Company, plaintiff, against Yazoo & Mississippi Valley Railway Company, a corporation, defendant, to recover for the wrongful burning of a quantity of cotton. From a judgment for defendant, plaintiff appeals.

SILBER, ISAACS, SILBER & WOLEY of Chicago, Ill., and LEWIS, ADLER & LAWS, of Philadelphia, Pa., for appellant; FREDERICK D. SILBER and FRANCIS S. LAWS, of counsel.

VERNON W. FOSTER of Chicago, Ill., and C. L. SIVLEY, of Memphis, Tenn., for appellee; BLEWETT LEE, of Chicago, Ill., and C. N. BURCH, of Memphis, Tenn., of counsel.

MR. JUSTICE McDONALD delivered the opinion of the court.

### Abstract of the Decision.

1. RAILROADS, § 921*—*when exclusion of foreign statute in action for negligence in operation causing fire is error.* The exclusion of a statute of a foreign State limiting the speed of railroad trains through cities, towns and villages, and providing that the railroad company shall be liable for damages or injuries sus-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tained by any one from such trains while they are running in excess of the prescribed limit, *held*, to be reversible error, in an action to recover damages alleged to have been caused by defendant's negligence in the operation of its train through a town in the foreign State, causing the burning of plaintiff's cotton in a cotton compress, where the Supreme Court of the foreign State holds that a violation of the statute is negligence *per se* and that the statute applies to all manner of damage caused by such violation.

2.  RAILROADS—*what is matter of defense in action for negligent violation of speed statute causing burning of cotton.*  Where a statute, after limiting the speed of railroad trains through cities, towns and villages, and providing that the railroad company should be liable for damages or injuries sustained by any one from such trains while they are running in excess of the prescribed limit, provided further, in the next succeeding sentence, that the railroad commission of the State should have power to fix and prescribe a greater limit for such trains, and that when it should have done so as to any city, town or village, the statute should not thereafter apply to the operation of trains within the same, *held*, that the matter of such withdrawal by the commission of any city, town or village from the operation of the statute was matter of defense, in an action to recover damages for negligence in operation causing the burning of cotton, based upon the statute, and plaintiff would not be obliged to negative same in his declaration.

3.  CONFLICT OF LAWS, § 5*—*when rule that courts will not enforce penal laws of foreign State is inapplicable.*  The rule that the courts of one State will not enforce the penal laws of another State has no application to an action brought in one State to recover damages incurred under the laws of another State for violation of a statute of the latter State limiting the speed of railroad trains and providing that the railroad company should be liable for damages or injuries caused by such violation.

4.  RAILROADS, § 921*—*when evidence of rule and custom as to shutting off steam when passing platforms and trains with exposed cotton thereon is inadmissible.*  Evidence of a rule of defendant railroad company and of a custom of defendant's employees following the rule to shut off steam from defendant's engines when passing loading platforms or trains with exposed cotton thereon, *held* properly excluded where the evidence showed there was no exposed cotton on the loading platform and no passing train at the time and place in question, in an action to recover damages for the burning of plaintiff's cotton.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.